Filed: 12/15/21

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 123-7-20 Ossc

| Morin vs. Morin |
| --- |

## DECISION ON THE MERITS

This matter came before the undersigned for a final hearing on the merits on December 9, 2021. Plaintiff represented himself, and Defendant was represented by Attorney Brice Simon. Plaintiff Richard Morin and Defendant Matthew Morin are relatives. For clarity, they are identified by their first names in this decision.

In 2019, Richard leased a parcel of land to Matthew, who intended to use it to grow organic hemp. Matthew entered into a contract with a third party to supply a specified amount of organic hemp. Prior to entering the lease, the two Morins walked the land to look it over. Matthew had the opportunity to assess its suitability for his purpose. He knew that there was not enough acreage to grow all the hemp that he needed to fulfill his third party contract, and that he would need to grow some hemp on at least a few acres of other land to meet the requirements of his third party contract.

They entered a written lease for 5 years for a specified portion of Richard's property described as "Lot #3 at 10.45 total acres with 9+ acres of planting land available," and a survey of the lot leased was attached to the written contract showing it as a field with a specific metes and bounds description. The contract was for a term of 5 years at $2,500 per year, to be paid annually. Both parties signed the written lease in May of 2019.

In 2019, Matthew paid the $2,500. Richard tilled the land and Matthew grew hemp.

In 2020, Matthew wanted Richard to do the tilling for him again. Richard did, and while doing so, his tiller broke and required expensive repairs. The terms of any agreement for tilling are unknown, and tilling was not included as part of the lease agreement.

Matthew then complained that the amount of acreage suitable for planting was not the 9+ acres he had expected. He did not pay the $2,500 and did not grow hemp. He did not fulfill his contract with the third party. He attributes the reason as insufficient planting land. He considered the lease terminated on the basis that Richard did not provide him with sufficient planting area under the lease. Matthew claims that only about ¾ of the land was capable of planting. Richard says the planting area was "close" to 9 acres, and that the lease was "supposed to" say 9+/- acres. The court finds that the planting area was "close" to 9 acres, and that Richard substantially met his obligation under the lease. Matthew has not proved that the amount of planting land was substantially less than 9 acres. Also, since Matthew himself inspected the land prior to the lease, he has not proved that Richard misrepresented the amount of land suitable for planting.

Order
123-7-20 Ossc Morin vs. Morin

Page 1 of 2

Richard seeks $2,500 for the 2020 rent and $825 for tilling. He agrees now that the lease should be terminated.

The court finds that Richard is not entitled to $825 for tilling as there was no proof of terms of an agreement between them for payment for tilling.

The court finds that Richard is entitled to the $2,500 rent for the land for 2020. The evidence that the court finds credible is that Matthew had full opportunity prior to entering into the lease to determine that there was sufficient land suitable for his purposes, that the land available for planting was substantially as described in the lease, that the lease contained no terms of consequences if acreage was less than a minimum of 9 acres, and that any shortfall was minimal and does not justify Matthew being released from all obligation under the lease. Richard remained obligated as landlord to honor Matthew's right to possession of the land and was unable to use it for any other purpose while the lease remained in effect. The court cannot find that the land that was leased was unsuitable for the intended purpose of growing organic hemp, and that Matthew's inability to meet the requirements of his third party contract was not due to a breach of the lease agreement on the part of Richard.

Even if the actual acreage was a little under 9 acres, which was not proved, Matthew provided no basis in law supporting a right to rescind the lease altogether on those grounds.

As a result, the court issues judgment for $2,500.00 for the rent for 2020, and based on the parties' assent as stated at the hearing, concludes that both parties are released from any further obligation under the 2019 lease.

Electronically signed pursuant to V.R.E.F. 9(d) on December 15, 2021 at 7:59 PM.

Mary Miles Teachout
Superior Court Judge

Benjamin Batchelder
Assistant Judge, Orleans County

Order
123-7-20 Ossc Morin vs. Morin

Page 2 of 2